UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH and KAREN OSWALD,<br><br>Plaintiffs,<br><br>v.<br><br>HORACE MANN INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C14-5920 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Horace Mann Insurance Company's ("Horace") motion to dismiss (Dkt. 9). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 14, 2014, Plaintiffs Kenneth and Karen Oswald ("Oswalds") filed a complaint against Horace in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. 2.  The Oswalds assert causes of action for breach of the implied duty of good faith and fair dealing and for unfair business practices. *Id*.

On November 19, 2014, Horace removed the matter to this Court.  Dkt. 1.

On December 4, 2014, the Court issued an order requiring a joint status report and setting deadlines for the parties.  Dkt. 7.

ORDER - 1

On April 3, 2015, Horace submitted a status report setting forth its positions on the relevant issues.  Dkt. 8.

On April 16, 2015, Horace filed a motion to dismiss under Fed. R. Civ. P. 41(b) for the Oswalds' failure to prosecute this action and failure to comply with a Court order. Dkt. 9.  On May 4, 2015, the Oswalds responded.  Dkt. 11.  On May 8, 2015, Horace replied.  Dkt. 13.

## II. DISCUSSION

The Federal Rules of Civil Procedure authorize a court, upon motion by a defendant, to dismiss an action with prejudice if the plaintiff fails to prosecute the case, fails to comply with a court order, or fails to comply with the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(b).  The power to dismiss an action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (affirming dismissal for failure to prosecute based on attorney's unexcused failure to attend pretrial conference and other delays).  Although dismissal is a harsh penalty reserved for extreme circumstances, it is appropriate when plaintiff fails to prosecute with "reasonable diligence" and does not require an explicit showing of actual prejudice to the defendant.  *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (noting that there is a rebuttable presumption of injury from unreasonable delay).

To determine whether dismissal is appropriate, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring disposition of cases on their merits; (5) the availability of less drastic sanctions." *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987).

In this case, the Oswalds' failures to abide by Court orders do not warrant dismissal at this time. The order of the Court was a preliminary management order, and the risk of prejudice to Horace is minimal given that the Court routinely grants extensions of time to file joint status reports. Moreover, the strong public policy in favor of disposition of cases on the merits counsels in favor of the Oswalds. Therefore, the Court denies Horace's motion to dismiss.

Although the Oswalds have no objection to Horace's proposed dates in Horace's status report, there are more issues in the status report than dates. Dkt. 11 at 2. Thus, the Court again orders the parties to meet and confer and submit a joint status report. Further dilatory conduct or noncompliance with Court rules or orders could result in sanctions including dismissal pursuant to Fed. R. Civ. P. 41(b).

### III. ORDER

Therefore, it is hereby **ORDERED** that Horace's motion to dismiss (Dkt. 9) is **DENIED**. The parties shall file a joint status report no later than June 12, 2015.

Dated this 2nd day of June, 2015.

BENJAMIN H. SETTLE
United States District Judge